RALEIGH PAINT AND WALLPAPER CO. v. PEACOCK & ASSOCIATES, INC., ROBERT E. STROTHER AND WIFE, EDNA N. STROTHER, FIRST FINAN-CIAL SERVICE CORPORATION OF RALEIGH, TRUSTEE, AND FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF RALEIGH

No. 7710DC887

(Filed 3 October 1978)

Laborers' and Materialmen's Liens § 3— materialman's lien—claimant need not personally deliver materials to site

A lien claimant who furnished materials for the improvement of real estate pursuant to a contract with the owner is not required by G.S. 44A-8 and G.S. 44A-10 to deliver such materials personally to the site of the improve-ment in order to be entitled to a materialman's lien so long as the claimant fur-nished the materials with the intent that they would later be placed on the site and they were so placed, and the lien, when properly perfected, will relate to and take effect from the first furnishing of materials on the site.

APPEAL by defendants, Robert E. Strother and wife, Edna N. Strother, First Financial Service Corporation of Raleigh, Trustee,

and First Federal Savings and Loan Association of Raleigh, from *Barnette, Judge.* Judgment entered 15 August 1977 in the District Court, WAKE County. Heard in the Court of Appeals 17 August 1978.

The plaintiff initiated this civil action pursuant to G.S. 44A-13 to enforce a materialman's lien. The plaintiff filed its claim of lien pursuant to G.S. 44A-12 on 15 February 1977. This action was commenced 9 March 1977. Plaintiff filed a motion for summary judgment 18 July 1977 supported by its verified complaint and answers to interrogatories. The defendant Peacock & Associates, Inc., neither answered the complaint nor filed affidavits opposing the motion for summary judgment. Defendants Robert E. Strother and wife, Edna N. Strother, First Financial Service Corporation of Raleigh, Trustee, and First Federal Savings and Loan Association of Raleigh answered the complaint denying all material allegations.

During November 1976 Bruce Peacock, of Peacock and Associates, Inc., visited the plaintiff's North Hills store to inform the plaintiff that he was building a house for Robert E. Strother and wife, Edna N. Strother. Peacock informed plaintiff that the Strothers would be in later to select carpet and wallpaper for the house being built on Lot 29, Coachman's Trail. Plaintiff was authorized to charge the selected items to the account of Peacock & Associates, Inc. Subsequently the Strothers ordered wallpaper and carpeting costing $1,497.71.

The wallpaper was delivered on 26 November 1976 and on 1 December 1976 to Terry Andrews, a wallpaper hanger for Peacock & Associates, Inc. The wallpaper was thereafter installed by Terry Andrews in the house located on Lot 29, Coachman's Trail. There is no clear evidence with respect to where the wallpaper was delivered or with respect to who delivered it. There is also no direct evidence of the exact date on which these materials were delivered to the site. The carpet was picked up by Bruce Peacock on 30 November 1976 in Aberdeen. It was then delivered to Jimmy Coats who installed the carpet in the house located on Lot 29, Coachman's Trail. Neither is there any evidence of the exact date on which these materials were delivered to the site.

After the furnishing of materials, Peacock & Associates, Inc., conveyed all of Lot 29, Coachman's Trail to defendants Robert E. Strother and wife, Edna N. Strother, by deed recorded in Deed Book 2467, page 82, Wake County Registry. The date of the deed does not appear in the record. Defendants Robert E. Strother and wife, Edna N. Strother, executed a deed of trust and note to First Financial Service Corporation of Raleigh, Trustee for First Federal Savings and Loan Association of Raleigh, recorded in Book 2467, page 83, Wake County Registry.

Summary judgment for the plaintiff was granted in the amount of $1,830.20 with interest from 15 February 1977 on 15 August 1977. The judgment was declared a lien upon the property relating back to 26 November 1977. Defendants Strother, First Financial Service Corporation of Raleigh, Trustee, and First Federal Savings and Loan Association of Raleigh appealed.

*Brenton D. Adams for plaintiff appellee.*

*Seay, Rouse, Johnson, Rosser and Harvey, by Larry D. Johnson, for defendant appellants.*

MORRIS, Judge.

This case presents essentially the same question presented by appeal No. 7710DC886 which was combined with this appeal for oral arguments. The question is whether a lien claimant who furnishes materials for the improvement of real estate pursuant to a contract with the owner must himself deliver such materials to the site of the improvement before the claimant is entitled to a valid materialman's lien pursuant to Part 1, Article 2, Chapter 44A of the General Statutes.

The defendants in this case contend that there exists, based upon the record, a genuine issue of material fact which would require a reversal of the granting of plaintiff's motion for summary judgment. *See* G.S. 1A-1, Rule 56(c).

The plaintiff's verified complaint and answers to interrogatories establish that the materials were furnished before the defendant Peacock & Associates, Inc., conveyed the subject property to defendants Strother and before the deed of trust was executed to the defendant First Financial Service Corporation of Raleigh, Trustee for First Federal Savings and Loan Association

of Raleigh. Therefore, if the lien is valid, plaintiff is entitled to a lien on the subject property superior to the lien of defendant First Federal. For the reasons stated in our opinion in *Raleigh Paint and Wallpaper v. Peacock & Associates, Inc.*, et al, No. 7710DC886, we hold that the plaintiff's lien was valid and summary judgment proper.

Nevertheless, since the actual date of the furnishing of materials to the site is not established by the record, the judgment of the trial court must be modified. The judgment is modified by striking "from and after the 26th day of November, 1976" and substituting in its place the following: "with priority over the lien of defendants First Financial Service Corporation of Raleigh, Trustee for First Federal Savings and Loan Association of Raleigh".

Modified and affirmed.

Judges HEDRICK and MITCHELL concur.